UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Steven D. Jamison,

               Plaintiff,

v.

Allina Health System,

               Defendant.

Civil File No. _____

**COMPLAINT**
**and Demand for Jury Trial**

---

Plaintiff Steven D. Jamison, for his cause of action against Defendant Allina Health System, states and alleges as follows:

### NATURE OF THE CASE

1.     Plaintiff Steven D. Jamison ("Jamison") brings this action against his former employer, Defendant Allina Health System ("Allina"), asserting that he was subjected to age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), the Minnesota Human Rights Act, Minn. Stat. §363A.01 *et seq.* ("MHRA"), and Minn. Stat. §181.81.

2.     By this action, Plaintiff seeks compensatory damages for lost compensation and benefits, damages for mental anguish, pain and suffering, punitive damages, treble damages, and injunctive and declaratory relief, including an order requiring Defendant to modify its practices and policies which have resulted in unlawful discrimination based on age.

## JURISDICTION

3.      This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and this Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. §1331.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are pendent to and part of the same case or controversy as that giving rise to the ADEA claim.

## VENUE

5.      Venue of this action in the United States District Court for the District of Minnesota is proper pursuant to 28 U.S.C. §1391(c), because the events giving rise to Plaintiff's claims occurred in the District of Minnesota.

## THE PARTIES

6.      Plaintiff Steven D. Jamison resides in Anoka County, Minnesota.  He was employed by Defendant Allina Health System (and its predecessors) at Unity Hospital in Minnesota for more than 31 years before October 6, 2009, when Allina terminated his employment.  Jamison was then 60 years old.

7.      Defendant Allina Health System is Minnesota nonprofit corporation, with headquarters in Minneapolis, Minnesota.

8.      Allina is an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b) and the Minnesota Human Rights Act, Minn. Stat. § 363A.03 Subd. 16.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On or about July 29, 2010, Plaintiff Steven D. Jamison filed an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Minnesota Department of Human Rights ("MDHR"), asserting that Allina violated the Age Discrimination in Employment Act and the Minnesota Human Rights Act by engaging in unlawful age discrimination.

10.     The EEOC issued a Notice of Right to Sue dated November 22, 2011, which informed Jamison that he could file a lawsuit under the ADEA against Allina in federal or state court within 90 days of receipt of the Notice.

## STATEMENT OF CLAIMS

11.     Plaintiff was employed for 31 years at Unity Hospital as a diagnostic sonographer. For more than 20 years of his employment, his employer at Unity Hospital was Allina.

12.     Plaintiff was highly qualified for the diagnostic sonographer position and performed his duties in a proper, satisfactory and competent manner.

13.     Toward the end of his employment, Allina subjected Plaintiff to stricter standards of performance and conduct than similarly situated employees who were significantly younger than Plaintiff.

14.     Allina terminated Plaintiff's employment on or about October 6, 2009, when Plaintiff was 60 years old.

15.     When Allina terminated Plaintiff's employment, they stated three reasons. Plaintiff provided facts which established that each and every one of the stated reasons was unfounded and false.  Nevertheless, Allina terminated him.

16.     Following Plaintiff's termination, Allina hired a replacement for his position who was less qualified than he and who was 30 years old.

17.     The reasons Allina stated for Plaintiff's termination were pretext for the true reason:  age discrimination.

18.     Allina's conduct described above damaged Plaintiff.

## COUNT ONE

### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

19.     Paragraphs 1 through 18 above are hereby realleged and made a part of Count One.

20.     Allina discriminated against Plaintiff because of his age in willful violation of the ADEA by engaging in the above-described pattern or practice of age discrimination and by terminating his employment in 2009.

21.     As a direct and proximate result of Allina's unlawful and willful age discrimination, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial, including, but not limited to, past and future pay and benefit loss.

## COUNT TWO

### AGE DISCRIMINATION IN VIOLATION OF THE MINN. STAT. §181.81

22.     Paragraphs 1 through 21 above are hereby realleged and made a part of Count Two.

23.     Allina discriminated against Plaintiff because of his age in willful violation of Minn. Stat. §181.81 by engaging in the above-described pattern or practice of age discrimination and by terminating his employment in 2009.

-4-

24.     As a direct and proximate result of Allina's unlawful and willful age discrimination, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial, including, but not limited to, past and future pay and benefit loss.

## COUNT THREE

### AGE DISCRIMINATION IN VIOLATION OF THE MHRA

25.     Paragraphs 1 through 24 above are hereby realleged and made a part of Count Three.

26.     Allina discriminated against Plaintiff because of his age in willful violation of the MHRA by engaging in the above-described pattern or practice of age discrimination and by terminating his employment in 2009.

27.     As a direct and proximate result of Allina's unlawful and willful age discrimination, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial, including, but not limited to, past and future pay and benefit loss, past and future emotional distress, mental anguish and pain and suffering, in excess of $500,000.

## COUNT FOUR

### INJUNCTIVE RELIEF

28.     Paragraphs 1 through 27 above are hereby realleged and made a part of Count Four.

29.     Plaintiff requests an Order pursuant to 29 U.S.C. §621 *et seq.* and Minn. Stat. §363A.29, Subd. 3, enjoining Allina from discriminating against employees because of age.

30.     Plaintiff further requests an Order pursuant to 29 U.S.C. §621 *et seq.* and Minn. Stat. §363A.29, Subd. 3, requiring that Allina institute and enforce policies, practices and

programs to effectuate the purposes of the ADEA and the MHRA and to eradicate the effects of its past and present unlawful employment practices.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

1.      Declaring Defendant's Actions to be willful violations of the law;

2.      Awarding to Plaintiff damages for lost past and future pay and benefits, trebled pursuant to Minn. Stat. §363A.29, Subd. 4, together with interest thereon;

3.      Restoring Plaintiff to a position comparable to the one from which he was terminated or, in lieu of reinstatement, awarding Plaintiff front pay and benefits for the period remaining until his expected retirement age, subject to trebling pursuant to Minn. Stat. §363A.29, Subd. 4;

4.      Awarding Plaintiff liquidated damages pursuant to the ADEA in an amount equal to his back pay and benefits award, together with interest thereon;

5.      Awarding Plaintiff all other damages recoverable under the MHRA, including damages for mental anguish and suffering and punitive damages;

6.      Enjoining Defendant from discriminating against employees on the basis of age and ordering Defendant to institute and carry out policies, practices and programs to effectuate the purposes of the ADEA, the MHRA, and Minn. Stat. §181.81, and which eradicate the effects of Defendant's past and present unlawful employment practices;

7.      Awarding Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. §§216(b) and 626(b) and/or Minn. Stat. §363A.33, Subd. 7;

8.      Awarding Plaintiff prejudgment interest and his costs and disbursements herein;

and

9.      Awarding Plaintiff such other and further relief as the Court deems just, equitable

and proper.

## NOTICE

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this matter.

Dated this 17th day of February, 2012.          METCALF, KASPARI, ENGDAHL
                                                & LAZARUS, P.A.


                                        By: *s/Kathryn M. Engdahl*
                                           Kathryn M. Engdahl (#163995)
                                           230 Specialty Building
                                           2356 University Avenue West
                                           Saint Paul, MN 55114-1850
                                           (651) 789-7799

                                           ATTORNEYS FOR PLAINTIFF

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, Plaintiff, through his undersigned attorney, acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party.

_s/Kathryn M. Engdahl_

Kathryn M. Engdahl