UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven D. Jamison,

      Plaintiff,

v.                                                      Civil No. 12-427 (JNE/AJB)
                                                     ORDER

Allina Health System,

      Defendant.

---

Kathryn M. Engdahl, Metcalf, Kaspari, Engdahl & Lazarus, P.A., appeared for Plaintiff Steven D. Jamison.

Sara Gullickson McGrane, Felhaber, Larson, Fenlon & Vogt, P.A., appeared for Defendant Allina Health System.

---

For more than thirty years, Steven Jamison worked for Allina Health System as a sonographer at Unity Hospital. Claiming that Allina Health System discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA), the Minnesota Human Rights Act (MHRA), and Minn. Stat. § 181.81 (2012), Jamison brought this action after Allina Health System had terminated his employment. The case is before the Court on Allina Health System's Motion for Summary Judgment. For the reasons set forth below, the Court denies the motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need

1

consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2006). The MHRA provides that "it is an unfair employment practice for an employer, because of . . . age to . . . discharge an employee" or to "discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment." Minn. Stat. § 363A.08, subd. 2 (2012). Minnesota Statutes § 181.81 states that "[i]t is unlawful for any private sector employer . . . to discharge . . . any individual on the grounds that the individual has reached an age of less than 70."

The parties analyzed Jamison's claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 636-37 & n.2 (8th Cir. 2011); *Loeb v. Best Buy Co.*, 537 F.3d 867, 872, 875 n.4 (8th Cir. 2008); *Dietrich v. Canadian Pac. Ltd.*, 536 N.W.2d 319, 321, 323 (Minn. 1995). Under that framework, a plaintiff must first establish a prima facie case of age discrimination. *Rahlf*, 642 F.3d at 637. If the plaintiff establishes a prima facie case, then the employer must articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Id.* If the employer does so, then the plaintiff must show that the employer's proffered reason was pretext for discrimination. *Id.*

To establish a prima facie case of age discrimination, Jamison must demonstrate that he was at least forty years old; that he was qualified to perform his job; that he was terminated; and that he was replaced by another person sufficiently younger to permit the inference of age discrimination. *See Olsen v. Capital Region Med. Ctr.*, 713 F.3d 1149, 1155 (8th Cir. 2013); *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 875 (8th Cir. 2007). Allina Health System disputed only whether Jamison was qualified to perform his job.

According to Allina Health System, "Jamison was no longer qualified for his position" when he was terminated because of "ongoing performance concerns relating to the suboptimal quality of his exams as well as his persistent disruptive and disrespectful behavior." *Cf. Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468-70 (8th Cir. 2011) (noting that "there appears to be somewhat conflicting case law in the circuit" on the issue of whether deficiencies in work performance render a plaintiff unable to establish a prima facie case). In his 2009 annual evaluation, which was issued approximately one month before his termination, Jamison met or exceeded every expectation. His overall rating was "meets expectations."[1] The evaluation closed by indicating that Jamison "has successfully completed all assigned competencies and [is] deemed competent to perform job responsibilities." Viewed in the light most favorable to Jamison, the record reveals that Jamison was qualified for his position. The Court therefore rejects Allina Health System's argument that Jamison cannot establish his prima facie case.

Allina Health System offered legitimate, nondiscriminatory reasons for Jamison's termination. They are: (1) a doctor complained about images taken by Jamison during an obstetrical examination on September 21, 2009; (2) Jamison refused to schedule a kidney biopsy

---

[1] His overall rating in the 2006 evaluation was "exceeds expectations." In the 2007 evaluation, it was "meets expectations." In the 2008 evaluation, it was "meets expectations."

on a patient on October 1, 2009; and (3) Jamison falsified a time card adjustment form on October 6, 2009.

There is sufficient evidence in the record that raises a genuine issue of material fact as to whether Allina Health System's proffered reasons for Jamison's termination are pretext for age discrimination. For example, Jamison had a history of satisfactory performance reviews, including one that was issued approximately one month before his termination. The doctor who complained about the images taken by Jamison on September 21 testified that "we were very close to not performing OBs at the hospital during those periods" and that he would not be surprised if Jamison performed only one or two obstetric examinations per month.[2] *See Twiggs v. Selig*, 679 F.3d 990, 994 (8th Cir. 2012).

Next, Jamison's supervisor knew that another sonographer had "squeezed" the kidney biopsy on the schedule on October 1, which was a busy day in the sonography department. The supervisor did not know that the patient was receiving dialysis that afternoon. According to Jamison's deposition testimony, the supervisor did not ask Jamison whether he had scheduled the biopsy on October 1—he testified that he had scheduled it after the dialysis—before his termination on October 6. *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012).

In addition, a substantially younger sonographer engaged in time card fraud, but she was not terminated. Jamison submitted a time card adjustment form that indicated he had started to work at 6:30 a.m. on October 6. His supervisor had seen him in the parking lot at 6:38 a.m. He was terminated the same day. A few months before Jamison's termination, the substantially

---

[2] The doctor also complained to Jamison's supervisor about another sonographer's obstetric examination on September 21. The supervisor testified that she could not recall the details of the doctor's complaint about the other sonographer.

4

younger sonographer submitted a time card adjustment form that indicated she left work approximately one hour after she had actually left. An investigation revealed that the substantially younger sonographer had repeatedly lied about the time of her departure and had failed to use a badge reader in her department on dozens of occasions, which may have resulted in overcompensation. The substantially younger sonographer also attempted to pressure the investigator. The substantially younger sonographer was not terminated. *See Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013).

Finally, Jamison's supervisor, who participated in his termination, made age-related remarks about him. For instance, she referred to him as "old man." *See Hitt v. Harsco Corp.*, 356 F.3d 920, 925 (8th Cir. 2004); *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 922-23 (8th Cir. 2000).

Viewing the record in the light most favorable to Jamison, the Court concludes that he has submitted evidence that raises a genuine issue of material fact as to whether Allina Health System's proffered reasons for Jamison's termination were pretext for age discrimination. The Court denies Allina Health System's motion.[3]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Allina Health System's Motion for Summary Judgment [Docket No. 18] is DENIED.

Dated: August 19, 2013

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[3] Of course, the denial of Allina Health System's motion does not mean that Jamison will prevail at trial.